# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE: )
)  CASE NO. 17 B 20311
Shanice R Rayford, )  HON. JACQUELINE P. COX
)  CHAPTER 13
Debtor. )

## NOTICE OF MOTION

TO: Tom Vaughn, Chapter 13 Trustee, 55 E. Monroe St. STE 3850, Chicago, IL 60603, via electronic court notification;

Bradley Michael Bankes, Sr, President, BMB Motors, Inc, 2208 Kishwaukee Street, Rockford, IL 61104, via certified mail;

Bradley Michael Bankes, Sr, registered agent, BMB Motors, Inc, 2208 Kishwaukee Street, Rockford, IL 61104, via certified mail;

Brittany Bankes, 9963 E. High Road, Stillman Valley, IL 61084, via certified mail;

Anna Valencia, City Clerk, 121 N. LaSalle Street, Room 107, Chicago, IL 60602, via certified mail.

Please take notice that on July 24, 2017, at 9:00 a.m., I shall appear before the Honorable Jacqueline P. Cox in Courtroom 680 in the Federal Dirksen Building, 219 S. Dearborn Street, Chicago, Illinois and present the attached Motion and you may appear if you so choose.

## PROOF OF SERVICE

The undersigned, an attorney, certifies that he served both trustees via the court's CM/ECF, and served the above by email at bmbmotors81@gmail.com and by mailing a copy of this notice and motion to the above named addressed, with postage prepaid, from the mail chute located at 20 S. Clark St., Chicago, IL 60603, on July 18, 2017.

/s/   Steve Miljus
Attorney for Debtor
The Semrad Law Firm, LLC
20 S. Clark Street 28th Floor
(312) 913-0625

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 17 B 20311 |
| Shanice R Rayford, ) | HON. JACQUELINE P. COX |
| ) | CHAPTER 13 |
| Debtor. ) | |

## DEBTOR'S MOTION FOR SANCTIONS PURSUANT TO 11 U.S.C. § 362(k)

NOW COMES Debtor, Shanice R Rayford, by and through Debtor's attorneys, The Semrad Law Firm, LLC, and moves this Honorable Court to award Damages to Debtor pursuant to 11 U.S.C § 362(k) against BMB Motors, Inc. In so moving, Debtor states as follows:

1. Debtor filed a petition for relief pursuant to Chapter 13 Title 11 U.S.C., on July 7, 2017.

2. Debtor's vehicle was repossessed by BMB Motors, Inc ("BMB Motors") prior to the bankruptcy filing.

3. On July 7, 2017, Debtor's counsel called BMB Motors regarding the release of Debtor's vehicle. The representative was new and said that he would call back.

4. On July 11, 2017, Debtor's counsel called BMB Motors and a representative stated that the Debtor would have to pay money up front for release of the vehicle. The representative was told that BMB Motors was required to release the vehicle to Debtor.

5. On July 11, 2017, a demand letter was faxed to BMB Motors regarding the release of Debtor's vehicle.

6. On July 11, 2017, Debtor's counsel called BMB Motors and left a voice mail message regarding the release of Debtor's vehicle.

7. On July 12, 2017, Debtor's counsel called BMB Motors again.

8. Debtor needs her vehicle to get to and from work.

9. On July 17, 2017, Debtor called BMB Motors and was told that BMB Motors would not release the vehicle.

10. On July 17, 2017, Debtor's counsel called BMB Motors and a representative by the name of Brittany stated that BMB Motors would not release the vehicle to Debtor, despite acknowledging notice of the Bankruptcy was received.

11. Pursuant to 11 US 362 and 542 the vehicle is property of the bankruptcy estate and must immediately be returned.

12. To date Debtor has yet to have the vehicle released.

13. The Bankruptcy Code requires that, once a debtor files for bankruptcy protection, "a creditor immediately return a seized asset in which a debtor has an equity interest to the debtor's estate…." Thompson, 566 F.3d at 700 (emphasis added). Section 542(a) of the Bankruptcy Code mandates that "turnover of a seized asset is compulsory." Id. at 704. "The failure to fulfill this duty, regardless of whether the original seizure was lawful, constitutes a prohibited attempt to 'exercise control over property of the estate' in violation of the automatic stay." Knaus v. Concordia Lumber Co., Inc. (In Re Knaus), 889 F.2d 773, 775 (8th Cir.1989).

14. The automatic stay prevents pre-petition creditors from taking any action to collect their debts. *In re Radcliffe*, 563 F.3d 627, 630 (C.A.7 2009).

15. Pursuant to § 362(k), Debtor is entitled to actual damages from BMB

        Motors' willful stay violation in the amount to be proven up.

16. The Bankruptcy Court for the Northern District of Illinois has found that punitive damages are appropriate to penalize creditors for willful violations of the automatic stay. *In re Sumpter*, 171 B.R. 835, 845 (Bkrtcy.N.D.Ill.1994).

17. In determining if punitive damages are appropriate, the court has looked to (1) the nature of the creditor's conduct; (2) the creditor's ability to pay damages; (3) the motive of the creditor; (4) any provocation by the debtor; as well as (5) the creditor's sophistication and knowledge of Bankruptcy law and procedure. *In re Sumpter*, at 845 (citing *In re M.J. Shoearama*, 137 B.R. 182 (Bankr.W.D.Pa.1992).

18. Debtor respectfully requests this Honorable Court to enter an order requiring BMB Motors to pay the Debtor in punitive damages in the amount to be proven up.

19. BMB Motors likely has the ability to pay punitive damages.

20. The motive of BMB Motors after being given notice was to continue to act to collect a debt that arose pre-petition, in complete disregard of the automatic stay.

21. Debtor did nothing to provoke BMB Motors to continue to hold the vehicle.

WHEREFORE, Debtor, prays this Honorable Court for the following relief:

    A. That BMB Motors, Inc be ordered to release Debtor's vehicle;

    B.  That BMB Motors, Inc be ordered to pay Debtor punitive damages in the amount to be proven up;

    C.  For any and all other relief this Court deems just and fair.

Respectfully Submitted,

   /s/ Steve Miljus\_\_\_
Attorney for Debtor
The Semrad Law Firm, LLC
20 S. Clark Street, 28th Floor
Chicago, IL 60603
(312) 913-0625